IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL KISS,

      Plaintiff,                              No. CIV S-10-3143 DAD P

     vs.

TEHAMA COUNTY JAIL et al.,

      Defendants.                       ORDER

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In accordance with the court's December 3, 2010 order, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S COMPLAINT**

        In his complaint, plaintiff has identified the Tehama County Sheriff, the Tehama County Jail, and Deputy Barrett as the defendants in this action. Plaintiff alleges that during his incarceration at the Tehama County Jail, specifically on September 7, 2010, he was returning to his holding cell when defendant Barrett instructed him to stand in front of the stair bannister. Plaintiff alleges that he complied with defendant Barrett's order, but the next thing he remembers is waking up to Officer Lewis telling him not to move and that he had fallen more than forty feet.

1

According to his complaint, plaintiff suffered a broken back, a broken pelvis, a broken tail bone, three broken ribs, a punctured lung, and a cracked skull.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 3.)

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

On plaintiff's original form complaint filed in this action, Question II.A. asks "Is there a grievance procedure available at your institution?"  Plaintiff has marked the "Yes" box. Question II.B. asks "Have you filed a grievance concerning the facts relating to this complaint?" Plaintiff has marked the "No" box.  In the space provided for plaintiff to explain why not, plaintiff states "fear of retaliation or more bodily harm to me by Tehama County Sheriff." (Compl. at 2.)

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  In this case, plaintiff

concedes that he did not exhaust his administrative remedies. The PLRA does not require a prisoner to exhaust his constitutional claims when circumstances render administrative remedies "effectively unavailable." See Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (improper screening of plaintiff's prison grievances found to render administrative remedies effectively unavailable); Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). Here, however, in his complaint plaintiff acknowledges that there was a grievance procedure available, but he never attempted to file a grievance with respect to the allegations set forth in his complaint. Given plaintiff's acknowledgment of non-exhaustion, the undersigned will dismiss this action without prejudice.[1] See Wyatt, 315 F.3d at 1120 (if a court concludes that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 7) is denied; and

2. This action is dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action.

DATED: March 24, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kiss3143.efr

---

[1] Plaintiff is informed that dismissal without prejudice will permit him to file a new action upon exhaustion of the available administrative grievance process. If plaintiff decides to file a new civil action following exhaustion, he should not include this case number on the new complaint. In addition, the new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.